**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, <br> *Defendant-Appellee*. | Robert M. Dow, Jr. <br> *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, *Defendant-Appellee*. | Robert M. Dow, Jr. *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, <br> *Defendant-Appellee*. | Robert M. Dow, Jr. <br> *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, <br> *Defendant-Appellee*. | Robert M. Dow, Jr. <br> *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, *Defendant-Appellee*. | Robert M. Dow, Jr. *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, *Defendant-Appellee*. | Robert M. Dow, Jr. *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD<br>COMPANY,<br>    *Defendant-Appellee.* | Robert M. Dow, Jr.<br>*Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division |
| | |
| *v.* | No. 11 C 986 |
| | |
| UNION PACIFIC RAILROAD | Robert M. Dow, Jr. |
| COMPANY, | *Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, <br> *Defendant-Appellee*. | Robert M. Dow, Jr. <br> *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH,<br>  *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY,<br>  *Defendant-Appellee*. | Robert M. Dow, Jr.<br>*Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, *Defendant-Appellee*. | Robert M. Dow, Jr. *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY,<br>    *Defendant-Appellee*. | Robert M. Dow, Jr.<br>*Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

```
┌─────────────────────────────────────────┐
│        NONPRECEDENTIAL DISPOSITION        │
│        To be cited only in accordance with│
│              Fed. R. App. P. 32.1         │
└─────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, <br>     *Defendant-Appellee*. | Robert M. Dow, Jr. <br> *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD<br>COMPANY,<br>    *Defendant-Appellee*. | Robert M. Dow, Jr.<br>*Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division |
| | |
| *v.* | No. 11 C 986 |
| | |
| UNION PACIFIC RAILROAD | Robert M. Dow, Jr. |
| COMPANY, | *Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY, | Robert M. Dow, Jr. |
| *Defendant-Appellee*. | *Judge*. |

### O R D E R

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division |
| | |
| *v.* | No. 11 C 986 |
| | |
| UNION PACIFIC RAILROAD COMPANY, | Robert M. Dow, Jr. |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH,<br>　　　*Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD<br>COMPANY,<br>　　　*Defendant-Appellee.* | Robert M. Dow, Jr.<br>*Judge.* |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
|     *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY,<br>    *Defendant-Appellee*. | Robert M. Dow, Jr.<br>*Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD | Robert M. Dow, Jr. |
| COMPANY, | *Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

┌─────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1
└─────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division |
| | |
| *v.* | No. 11 C 986 |
| | |
| UNION PACIFIC RAILROAD COMPANY, | Robert M. Dow, Jr. |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY,<br>*Defendant-Appellee*. | Robert M. Dow, Jr.<br>*Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided April 5, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2750

| | |
|---|---|
| STANLEY SMITH,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD COMPANY,<br>    *Defendant-Appellee*. | Robert M. Dow, Jr.<br>*Judge*. |

**O R D E R**

Stanley Smith claims that Union Pacific promised him that he would be reinstated as an engineer after receiving treatment for alcoholism. After successful treatment, and upon learning that Union Pacific had no plans to reinstate him, he filed a charge of discrimination and sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The district court determined that his charge was untimely and dismissed his complaint with prejudice. Smith appeals, arguing that his charge was timely and, in the alternative, that dismissal should have been without prejudice. We conclude that, although dismissal was proper, it should have been without prejudice because Smith may be able to cure the deficiencies in the complaint and surmount the company's affirmative defense of untimeliness.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

We construe the allegations in the complaint in the light most favorable to Smith. *See Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010). Smith alleged that in 1998 he began working for Union Pacific as an engineer. A year later he underwent treatment for alcoholism and later returned to service. He voluntarily enrolled in an outpatient treatment program at Rush Behavioral Health Center in 2005, at which time Union Pacific agreed to reinstate him after he completed the program. In 2006 he completed treatment and sought reinstatement, but the company balked. In 2009 Smith filed a charge of discrimination with the EEOC, alleging disability discrimination due to alcoholism. *See* 42 U.S.C. §§ 12102(1), 12114(c)(4). He received a right-to-sue letter and sued the company under the ADA.

After Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and invoked the affirmative defense that Smith's charge was untimely, Smith filed a response brief supported by an affidavit. In his brief, Smith altered his narrative and contended that the discovery rule extended the limitations period and rendered his charge timely; he asserted that he did not discover until 2009 that the company had deceived him by refusing to honor its 2006 agreement to return him to service after he completed an additional treatment program. He also asserted an estoppel argument, contending that Union Pacific required him to remain in treatment, while concealing medical reports from him which revealed that additional treatment was unnecessary. Smith asked the district court to deny the company's motion to dismiss or, in the alternative, to grant leave to amend.

The district court granted Union Pacific's motion to dismiss with prejudice. The court found Smith's charge of discrimination untimely because his complaint and affidavit plainly reveal that he knew of the refusal to reinstate in 2006 and did not file his charge until 2009–well after the 300-day deadline for filing a charge. *See* 42 U.S.C. § 12117(a). The court rejected Smith's discovery-rule argument, identifying the beginning of the filing period as 2006–the time that Smith alleged in his complaint that he became aware of the refusal to reinstate. The court also rejected Smith's equitable-estoppel argument on grounds that Smith had not pleaded that the company attempted to deceive him. The court did not address the altered narrative that Smith advanced in his response brief.

On appeal Smith first challenges the district court's ruling that his charge of discrimination was untimely. Under the discovery rule, he argues, the charge he filed in 2009 was timely because not until that year did he discover that the company had reneged on its agreement in 2006 to reinstate him; in the intervening period, he asserts, the company strung him along with false assurances of reinstatement.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineess. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimeliness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimeliness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimeliness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineess. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). A plaintiff must file a charge within 300 days "after the alleged unlawful employment practice occurred." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832 (7th Cir. 2008). The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).

The district court correctly determined that the discovery rule did not excuse Smith's untimelineness. As the court explained, the complaint says only that Smith discovered the refusal to reinstate in 2006 and did not file his charge until 2009, well after the 300-day filing period expired. *See Chaudhry*, 546 F.3d at 836. Given these allegations, the face of the complaint shows that the action is untimely. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Although Smith advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001).

Smith next contends that district court erred in rejecting his argument that equitable estoppel extended the period during which he could file his charge. He contends that the company withheld medical records from him and required him to continue with treatment that the records revealed was unnecessary. Equitable estoppel suspends the running of the filing period when the defendant takes active steps to prevent the plaintiff from suing, *Barry*, 377 F.3d at 689, including concealing evidence needed to determine the viability of a claim. *See id.* at 689; *Cada*, 920 F.2d at 421. The district court, however, properly deemed equitable estoppel inapplicable because Smith did not plead that the company deceived him. Although Smith's response brief offers such an account, the court correctly disregarded that new account because the response brief paints a narrative different than that alleged in his complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Last Smith argues that, even if his complaint was deficient, the district court should have granted him leave to amend under Federal Rule of Civil Procedure 15. Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In this regard, Smith contends that the factual assertions advanced in his response brief would trigger the discovery rule and establish equitable estoppel, curing the problem of untimeliness.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.

Although dismissal was proper, the district court should have dismissed the complaint without prejudice. We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness, *see Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); therefore when a plaintiff is presented with the affirmative defense by way of a Rule 12(b)(6) motion, the plaintiff is ordinarily entitled to at least one opportunity to cure the problem through amendment of the pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Rudder v. Williams*, 2012 WL 119589, *3 (D.C. Cir. Jan. 17, 2012); *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). In his response brief to the district court and in his briefing before us, Smith has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely. Facts raised for the first time in plaintiff's opposition papers should be considered when determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Moreover, Smith asserts, he discovered in 2009 that the company deceived him in 2006 into believing that it would return him to service after he completed an additional treatment program. From 2006 to 2010, the company required him to remain in that program, while concealing medical records from him which showed that additional treatment was not necessary. When he discovered the company's deception, he filed a charge of discrimination. Taking these assertions as true, Smith's contentions under the discovery rule and equitable estoppel are colorable, sufficient to pass the pleading stage. *See Clark*, 318 F.3d at 768; *Barry*, 377 F.3d at 688; *Artis v. Hitachi Zosen*, 967 F.2d 132, 1144 (7th Cir. 1992). The district court was required to consider this new chronology when gauging whether any deficiencies in the complaint could be cured. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).

We conclude that the district court properly dismissed the complaint. Dismissal, however, should have been without prejudice, so that Smith could amend his complaint by pleading the facts asserted in his response brief. Accordingly, we VACATE in part the district court's order dismissing Smith's suit with prejudice and REMAND for further proceedings consistent with this decision.